# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**PETER DAVIDSON,**

        **Plaintiff,**

**-vs-**                                              Case No. 2:05-cv-553-FtM-29DNF

**PAUL BOLIEK, THE ESTATE OF CRAIG MARSHALL, and R. STEWARD,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

> **MOTION:**    **MOTION TO AMEND COMPLAINT (Doc. No. 58)**
>
> **FILED:**      **December 1, 2006**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

    The Plaintiff, Peter Davidson is requesting leave to file a second Amended Complaint to add three additional Defendants and claims against these Defendants for excessive use of force during arrest, detention, and transportation on January 13, 2003. The Defendants, Paul Boliek, R. Steward, and the Estate of Craig Marshall object to the Plaintiff's request to amend the Complaint.

    Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading is served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party;

and leave shall be freely given when justice so requires." The decision whether to permit an amendment is within the sound discretion of the court, however, the Supreme Court has held that the words "leave shall be freely given" must be heeded. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) Consequently, the Court must find a justifiable reason in denying a request for leave to amend. *Id*. "[T]he Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile." *Taylor v. Florida State Fair Authority*, 875 F.Supp. 812 (M.D. Fla., 1995), citing *Foman*, 317 U.S. at 182.

The Defendants assert that the request for leave to amend a second time is untimely. A court may deny a motion for leave to amend if the court finds undue delay and undue prejudice to the defendants. *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000) (District Court did not abuse its discretion in refusing to allow plaintiff to amend since she moved to amend over one year after filing her original complaint and eight months after the time for filing amendments pursuant to the scheduling order.) This case was filed on November 21, 2005. The Case Management and Scheduling Order allowed the parties to amend their pleadings until May 14, 2006, allowed discovery until December 1, 2006, and contained a dispositive motion filing deadline of December 8, 2006. The Defendants have filed their Motion for Summary Judgment (Doc. 60).

Pursuant to paragraph II. B. 2. of the Case Management and Scheduling Order (Doc. 28), motions for extension of deadlines are "disfavored. The deadline will not be extended absent a showing of good cause." *Citing*, Fed.R.Civ.P. 16(b); Local Rule 3.09(a). The Plaintiff moved to amend for a second time over a year after the original complaint was filed, and over 6 months after the deadline

allowing amendments was set in the Case Management and Scheduling Order. The Defendants would be prejudiced if additional parties and claims were added, in that discovery would need to be reopened and the dispositive motion deadline, pretrial and trial would need to be continued. Further, the Plaintiff failed to show why the request for leave to amend could not have been made earlier. The Plaintiff has not shown good cause why the Court should extend the deadline to amend pleadings in this case and add additional parties. Therefore, it is respectfully recommended that the Motion to Amend Complaint (Doc. 58) be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __4th__ day of January, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record