UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PETER DAVIDSON,

        Plaintiff,

vs.                          Case No.   2:05-cv-553-FtM-29DNF

PAUL BOLIEK, THE ESTATE OF CRAIG
MARSHALL, and R. STEWARD,

        Defendants.
_____

**ORDER**

    This matter comes before the Court on defendants Boliek, Steward and Estate of Craig Marshall's Verified Motion to Tax Attorneys' Fees and Costs (Doc. #79), filed on March 14, 2007. No response or objection was filed and the time to do so has now expired.

    On February 28, 2007, the Honorable Paul A. Magnuson, pursuant to an intercircuit assignment, entered a Memorandum and Order (Doc. #76) granting defendants' motion for summary judgment and dismissing the case with prejudice finding that plaintiff failed to present any evidence that the force used by defendants was unreasonable. Judgment (Doc. #77) was subsequently entered on March 1, 2007. The Court finds that defendants are prevailing parties as defined by the Eleventh Circuit Court of Appeals.

**I.**

Under 42 U.S.C. § 1988(b), a party prevailing under 42 U.S.C. § 1983 is entitled to "a reasonable attorney's fee as part of the costs." The Supreme Court, however, has held that in civil rights cases the "plaintiff should not be assessed his opponent's attorney fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). A district court "must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985)(citation omitted). This determination is to be made on a case-by-case basis, and a non-exhaustive list of factors to be considered include: (1) whether plaintiff established a prima facie case; (2) whether defendant offered to settle; and (3) whether trial court dismissed the case prior to trial or held a trial on the merits. Sullivan, 773 F.2d at 1189 (citations omitted). See also Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1176-77 (11th Cir. 2005).

In this case, Judge Magnuson found no evidence presented to contradict the undisputed facts established by defendants, but did not find that the Amended Complaint (Doc. #49) was frivolous or without foundation at the time of dismissal. The undersigned,

therefore, declines to find otherwise and will deny the request for attorney's fees in this case.

**II.**

Under Fed. R. Civ. P. 54(d), costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). While the Court retains discretion to deny costs to a prevailing party, the presumption is in favor of the award of costs, particularly where Congress has provided for the imposition of costs. Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc., 249 F.3d 1293, 1296 (11th Cir. 2001). "[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). These are separate from expenses or nonstatutory costs under § 1988, and must be considered separately. See Dowdell v. City of Apopka, Fla., 698 F.2d 1181, 1189 (11th Cir. 1983); Cappeletti Brothers, Inc. v. Broward County, 754 F. Supp. 197, 198 (S.D. Fla. 1991).

The Court has carefully reviewed the list of costs, Doc. #79-3, p. 15, for court reporter fees, photocopies, mediation[1], and the transcript of the plea agreement in the underlying criminal case, and finds that the costs were necessarily expended for use in this

---

[1]The Court's Case Management and Scheduling Order permits the taxing of mediation fees.

case.  Therefore, the requested costs will be taxed against plaintiff.

Accordingly, it is now

**ORDERED**:

Defendants Boliek, Steward and Estate of Craig Marshall's Verified Motion to Tax Attorneys' Fees and Costs (Doc. #79) is **GRANTED IN PART AND DENIED IN PART**.  The request for attorney's fees is denied and the request for taxable costs is granted.  The Clerk shall tax the costs as requested in the Bill of Costs (Doc. #79-4).

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of June, 2007.

_JOHN E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Hon. Paul A. Magnuson
Counsel of record